No. 25-70005

# In the
# United States Court of Appeals
# for the Fifth Circuit

---

RICHARD VASQUEZ

*Petitioner-Appellant*

v.

ERIC GUERRERO, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION

*Respondent-Appellee*

---

On Appeal from the United States District
Court for the Southern District of Texas,
Corpus Christi Division Civil Action No.
2:23-cv-168

---

**PETITIONER-APPELLANT'S MOTION
FOR ISSUANCE OF A SHOW-CAUSE ORDER**

---

**Thomas M. Farrell**
McGuireWoods LLP
845 Texas Ave., Suite 2400
Houston, TX 77002-2904
(713) 353-6677
tfarrell@mcguirewoods.com

*Counsel for Petitioner-Appellant*

# MOTION FOR ISSUANCE OF SHOW-CAUSE ORDER

Richard Vasquez, Petitioner-Appellant, moves for the issuance of a show-cause order. Vasquez respectfully shows as follows:

## INTRODUCTION

In 2019, the DA for Nueces County carefully reviewed Vasquez's case and determined that his conviction should be vacated. In 2025, a new DA from Nueces County, from the opposite end of the political spectrum, again reviewed Vasquez's case and came to essentially the same conclusion. The citizens of Nueces County, speaking through these elected representatives, have thus effectively waived any interest in the finality of the judgment against Vasquez and have expressed, in no uncertain terms, that on the existing record he should *not* be put to death.

Notwithstanding this clear expression of the will of the people, the AG's office, purporting to represent the State's interest, continues—inexplicably—to oppose Vasquez's request for relief and to stridently urge the courts to clear the path for his execution.

Indeed, in its merits brief, the AG's office opposes all of Vasquez's arguments and urges the Court to dismiss his every point as unavailing. Yet, at the same time, the AG's office urges this Court to ignore the fact that the State officials in the Nueces County office responsible for Vasquez's case have a dramatically different view. Having lost all confidence in Vasquez's conviction and having determined that his death sentence should not be carried out, these officials, far from dismissing

2

Vasquez's arguments, agree with Vasquez that his points are meritorious and justify habeas relief.

With this background, it defies logic and the interests of justice to urge, as does the AG, that this Court should turn a blind eye to the views of the Nueces County DA's office and to reflexively accept that the AG's voice is the only one that matters. The AG asks the Court to assume that the AG is the only one authorized, either as lawyer or client, to assert the State's position in this case. By this Motion, Vasquez asks that the AG be required to show that the AG actually has that authority.

## THERE ARE SUBSTANTIAL QUESTIONS REGARDING THE AG'S CLAIM OF EXCLUSIVE AUTHORITY

The State is the real party in interest in a habeas case like this. *See, e.g.*, *Diamond v. Charles,* 476 U.S. 54, 57 n.2 (1986). And, to get that real party before the court, the rules require that a habeas petitioner in Texas name as respondent the Director of the Correctional Institutions Division of the Department of Justice. From those truisms, the AG leaps to the conclusion that the AG has exclusive authority under the Texas constitution to speak for the State in this case.

Yet, the AG has failed thus far to cite *any* provision of the Texas constitution, or for that matter any Texas statute, to support its *ipse dixit* claim to exclusive authority to act as lawyer. And, even if the AG did have the exclusive authority to appear as lawyer, it has offered no constitutional or statutory provision answering

3

the separate question of which State official is authorized to act as *client* in a habeas case and to decide what positions the State's lawyers should advocate in court.

To be sure, the AG has said that all of this has long been "settled" in a way that gives the AG's office exclusive authority to act as both *lawyer* and *client* in a habeas case. By this, the AG presumably has reference to the long-standing practice of the AG appearing in federal habeas cases to represent and act for the State. But, as the Texas Court of Criminal Appeal recognized in *Saldano v. State,* 70 S.W.3d 873, 876- 83 (Tex. Ct. Crim. App. 2002), "the tradition of the attorney general's representation of the State . . . cannot provide authority that the law does not."

*Saldano v. State* addressed the long-standing tradition of the Attorney General representing the State before the United States Supreme Court in criminal cases. 70 S.W.3d at 883. But, notwithstanding that tradition, the court there held that the AG's office lacked the constitutional and statutory authority to provide that representation and that, unless requested to assist by a local DA, could not represent the State in such cases. *Id*.

Tradition aside, the AG has cited *Saldano v. Roach*, 363 F.3d 545 (5th Cir. 2002), as support for its exclusive authority to act as both lawyer and client in this case. That was a federal habeas case challenging a Texas conviction, and the Court there did say that "Texas law gives the Attorney General the authority to represent [the Director of the Correctional Institutions Division] in suits such as this." *Id*. at

4

551.  But, that point was "concede[d]" by all parties to the case and thus did not require detailed analysis. *Id.*

And, for this proposition the Court cited only *Sierra Club v. City of San Antonio*, 115 F.3d 311 (5th Cir. 1997), and *League of United Latin Am. Citizen v. Clements*, 999 F.2d 831 (5th Cir. 1993) (en banc).  But, the latter case—*Clements*—says only on the page referenced in *Saldano v. Roach* that "[t]he Attorney General *may* represent state officials in their official capacities."  It cites *no* statutory or constitutional provision giving the AG that exclusive authority and certainly does not hold that the AG has any such exclusive authority in a habeas case.  999 F.3d at 844 (emphasis added).

The portion of the *Sierra Club v. City of San Antonio* opinion referenced in *Saldano v. Roach* cites only *Hill v. Texas Water Quality Bd.*, 568 S.W.2d 738, 741 (Tex. App.—Austin 1978, writ ref'd n.r.e.), which in turn only involved the authority of the AG to represent State officials in State Court.  *Hill v. Texas Water Quality Bd.* says nothing about whether that authority extends to representing the interests of the State in *federal* habeas cases.

The question thus remains:  By what statutory or constitutional authority does the AG represent the interests of the State of Texas in this case?  Vasquez has searched in vain to find any such authority.

5

As an initial matter, it is important to recognize that the AG cannot root its alleged authority to represent the State in vague notions of common-law powers inherent in the office. In Texas, the power of the Attorney General derives solely from and is limited by the Texas Constitution and statutes lawfully enacted thereunder. *See*, e.g., *Hill v. Texas Water Quality Bd.*, 568 S.W.2d at 740-41; *Garcia v. Laughlin*, 285 S.W.2d 191, 194-95 (Tex. 1956); *Saldano v. State*, 70 S.W.3d at 878- 83.

And, it is worth noting that, under the Texas Constitution and statutes, the Texas Attorney General had no authority to participate in Vasquez's indictment, trial, direct appeal, or his efforts to obtain post-conviction relief in state court. *See Saldano v. State*, 70 S.W.3d at 876-80. Similarly, if Vasquez obtains habeas relief, the Texas Attorney General will have zero role to play in the exercise of prosecutorial judgment on whether and on what basis to retry Vasquez and what sentence, if any, to seek. *Id*.

Beyond that, and critically, Vasquez can find no express authority in the Texas Constitution or Texas statutes for the Attorney General to represent the State's interests in federal habeas cases. Rather, the express constitutional authority appears limited to representing the State in "all suits and pleas in the Supreme Court of the State in which the State may be a party." Tex Const. art. 4, 22.

Moreover, the provision of the Texas Government Code that authorizes the Attorney General's representation of the State of Texas similarly contains no express authority to represent the State's interests in federal habeas proceedings. *See* Texas Government Code § 402.021 ("The attorney general shall prosecute and defend all actions in which the state is interested before the supreme court and courts of appeals.").

And, even if one assumes that the Texas Attorney General is the only one authorized to represent the State's interests in this case as lawyer, that would not answer the entirely separate question of who has the right to represent the State's interests as client. *See League of United Latin American Citizens Counsel v. Clements*, 999 F.2d 832, 840-44 (5th Cir. 1993) (AG's authority to act as counsel does not include authority to bind State officials, his clients, to his own policy preferences).

The AG appears to suggest that the party authorized to make client-level decisions is the Director of the Institutional Division of the Texas Department of Criminal Justice, who to be sure is the party named as the respondent in this case.

But, as noted above, naming the Director as respondent is a formality that merely gets the real party in interest—the State of Texas—before the court. As should go without saying, the procedural requirement in Rule 2(a) of the Rules Governing Section 2254 cases to name as respondent the state official "who has

7

custody" cannot operate to grant that official authority he does not have under applicable state law.

If the Director has the ability to step outside the ministerial role of serving as nominal respondent and to make client-level decisions on behalf of the State, one would expect there to be a constitutional or statutory provision giving the Director that authority. There is not. By statute, the Director's authority is limited to managing correctional facilities. *See* Tex. Government Code, Chapter 494.

In short, Vasquez's research has not revealed *any* constitutional or statutory authority for the view that the AG's voice is the only one that matters.

## REQUEST FOR SHOW-CAUSE ORDER

The questions Vasquez raises above about authority to speak for the State are consequential and implicate, among other things, the separation of powers under the Texas constitution, since the AG is part of the executive branch, while DAs reside in the judicial branch. Vasquez, moreover, respectfully urges that these questions have not to date been resolved in favor of granting the AG the exclusive power he seeks to appropriate to himself.

Accordingly, Vasquez asks that the Court issue a show-cause order requiring the AG to demonstrate that he has the constitutional and statutory authority to speak for the State in this case. The AG should be required, notwithstanding the long-standing tradition of the AG appearing for the State in federal habeas cases, to

8

demonstrate on what basis, if any, he has the authority to act, both as lawyer and as client, in derogation of the views of the official—the Nueces County DA—who has the authority under Texas law to make prosecutorial judgments in criminal matters.

Date: September 4, 2025

Respectfully submitted,
Thomas M. Farrell
McGuireWoods LLP
845 Texas Ave., Suite 2400
Houston, TX 77002-2904
(713) 353-6677
tfarrell@mcguirewoods.com

Counsel for Petitioner - Appellant,
Richard Vasquez

## CERTIFICATE OF CONFERENCE

The Texas Attorney General's Office has indicated its opposition to the relief requested herein.

*s/ Thomas M. Farrell*
Thomas M. Farrell

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 32(g) and Form 6 of the Federal Rules of Appellate Procedure because it has been prepared using 14-point Times New Roman font and contains 1,752 words.

*s/ Thomas M. Farrell*
Thomas M. Farrell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via ECF on the 4th day of September 2025.

*s/ Thomas M. Farrell*
Thomas M. Farrell

209646674v1