No. 25-70005

IN THE
# United States Court of Appeals for the Fifth Circuit

RICHARD VASQUEZ,
*Petitioner–Appellant*

v.

ERIC GUERRERO, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,
*Respondent–Appellee.*

On Appeal from the United States District Court
for the Southern District of Texas, Corpus Christi Division
Civil Action No. 2:23-CV-168

**RESPONDENT–APPELLEE'S OPPOSITION TO MOTION FOR
ISSUANCE OF A SHOW CAUSE ORDER**

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | GWENDOLYN VINDELL*<br>Assistant Attorney General<br>State Bar No. 24088591 |
| BRENT WEBSTER<br>First Assistant Attorney General | *Counsel of Record |
| JOSH RENO<br>Deputy Attorney General<br>For Criminal Justice | P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>(512) 936-1400<br>gwendolyn.vindell2@oag.texas.gov |
| TOMEE M. HEINING<br>Chief, Criminal Appeals Division | |

*Counsel for Respondent–Appellee*

## OPPOSITION

Petitioner–Appellant Richard Vasquez is a death-sentenced Texas inmate appealing the district court's dismissal of his second federal habeas petition as successive. Respondent–Appellee is Vasquez's custodian, the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (Director). *See* Rule 2(a), Rules Governing § 2254 Cases in the United States District Courts. The parties have filed their opening briefs. *See* ECF Nos. 29, 39. Seven days before his reply brief was due, Vasquez filed a motion for issuance of a show cause order. *See* ECF No. 40. In that motion, Vasquez asks the Court to require the Director's counsel, the Office of the Attorney General of Texas (AG), to explain its authority to represent the State's interests in these proceedings. *See id.* at 3.[1] The Director opposes[2] and respectfully requests that Vasquez's motion be denied.

---

[1]   Page numbers refer to the page numbers in the ECF headers of the documents.

[2]   Though Vasquez marked the Director as opposed to the motion, *see* ECF No. 40, at 10, he did not conference the Director on it, as required by this Court's rules. *See* Fifth Circuit L.R. 27.4 (requiring movant to state he has contacted or attempted to contact all other parties and indicate whether an opposition will be filed).

**ARGUMENT**

The question of proper party in this proceeding has already been briefed by the parties. *See* ECF Nos. 28, 30, 36. Indeed, when Vasquez filed his opening brief, he also attempted to expand the appellate record sub silentio by attaching new evidence. *See* ECF No. 30, at 2. That new evidence was a signed statement from the current Nueces County District Attorney (DA), *see* ECF No. 26-2, who is not a party in this proceeding, *see Saldano v. Roach*, 363 F.3d 545, 551–56 (5th Cir. 2004) (affirming denial of Collin County DA's application to intervene in federal habeas proceedings because the DA did not have direct, substantial, and legally protectable interest in the suit).

The Court rejected Vasquez's stealth attempt to expand the record, instead requiring him to follow the rules and seek leave. *See* ECF No. 26-3, at 1. Vasquez did so but reserved the "right" to seek a "show-cause order or for other appropriate relief to . . . obtain clarity as to who has the authority to speak in this case on behalf of the State of Texas." ECF No. 28, at 3. The Director opposed, arguing that there is "clarity" in the form of patent, well-settled, and binding circuit precedent. *See* ECF No. 30, at 5–7. Vasquez replied, inviting the Court to wade into state-law waters

and require the Director to establish his authority to speak in this proceeding. *See* ECF No. 36, at 10–11.[3] The Director then filed his responsive merits brief. *See* ECF No. 39. It was only then that Vasquez filed this red herring of a motion now at issue. *See* ECF No. 40.

But Vasquez fails to cite any authority to support his request for a show cause order. There are only two show cause references in the Federal Rules of Appellate Procedure, this Court's local rules, and this Court's internal operating procedures. The first deals with appeals that are dismissed for failure to prosecute. *See* Fifth Circuit L.R. 42.3.1.1 (requiring clerk to enter an order directing counsel who failed to prosecute an appeal "to show cause within 15 days from the date of the order why disciplinary action should not be taken against counsel"). The second deals with attorney discipline. *See* Fed. R. App. P. 46(c) (requiring that an attorney potentially facing discipline in this Court be afforded notice and "an opportunity to show cause to the contrary"). Both these rules relate to attorney misconduct. But Vasquez is not alleging (nor could he allege) any attorney misconduct here. Thus, it appears that the

---

[3] Like his surreptitious attempt to add new evidence to the appellate record, burying a request for relief in a reply brief is procedurally improper, and Vasquez failed to properly present his request for relief at that time.

rules governing appellate procedure do not support Vasquez's unusual request, and he cites no other authority establishing that a show cause order is appropriate here, i.e., not to address misconduct but to engage in a thought experiment about Texas's delegation of authority to its various arms of government.[4] In other words, Vasquez fails to demonstrate the process he seeks to utilize is available or appropriate in this situation.

Vasquez also fails to demonstrate that he has standing for the relief he seeks. It is clear Vasquez prefers the Nueces County DA to the AG, but Vasquez's preference for a party who he thinks would be more favorable to him does not provide him standing to assert that party's interest on their behalf. Certainly, Vasquez has no right—constitutional or statutory—to the State representative of his choice. And Vasquez has not established standing to assert the DA's alleged interest in this

---

[4] It is unclear what Vasquez hopes to achieve by requesting this show-cause order. At present, he simply requests briefing, which appears to be a furtive attempt to circumvent the Court's word count limits. *See* ECF No. 29, at 81 (listing his opening brief as twelve words below the word count limit). But the notice of electronic filing accompanying his show cause motion originally indicated that it was a "motion filed on behalf of party to disqualify attorney." Thus, Vasquez may be intending to ultimately disqualify the AG from representing his client, the Director, in these proceedings. Vasquez cites no authority to do that either.

proceeding where the DA is not a party and has not attempted to interject himself into this proceeding. *Cf. Saldano*, 363 F.3d at 551–56.

Indeed, Vasquez has previously recognized the limitations on his ability to raise this issue absent the DA directly and personally expressing an interest in getting involved in this case. *See* Response to State's Sur-Reply at 15, *In re Vasquez*, No. 23-40079, slip op. (5th Cir. June 23, 2023), ECF No. 77 (acknowledging "in light of *Saldano v. Roach*, that a fuller exploration of this authority issue should perhaps await a request by [the Nueces County DA] to intervene in this case"). Vasquez even represented that he "had alerted [the then-DA] of the position taken by the State in its Sur-Reply and ha[d] requested that he consider a motion to intervene." *Id*. But no motion to intervene ever materialized, either in this Court or in the court below. By Vasquez's own logic, his present request for a show-cause order is meritless, as he lacks standing to assert a non-party's interests.

In addition to improper process and a lack of standing, Vasquez's ability to raise the proper-party issue should be considered forfeited. While Vasquez was aware of the issue when he sought authorization to file a successive habeas petition, *see id*. at 15–16, he did not request

5

briefing on the matter or a show cause order then. And he did not do so in the district court either. In fact, Vasquez only twice mentioned the authority issue in the proceedings below: 1) in a certificate of conference where he stated he did "not concede that the Texas [AG]'s Office is authorized to represent the State's interest in this case," ROA.304; and 2) in a reply brief footnote where he "reserve[d] the right to press it further, through a show-cause motion or other appropriate vehicle," ROA.792. Neither can be considered preservation of the issue for this Court's consideration. *See Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 519 n.5 (5th Cir. 2010) ("[I]ssues not raised before the district court are generally waived[.]"); *cf. Harper v. Lumpkin*, 64 F.4th 684, 691 (5th Cir. 2023) ("A single conclusory footnote in a 291-page federal habeas petition is not enough to put a district court on notice of a claim."). Thus, Vasquez has forfeited the issue.

In sum, Vasquez offers no authority to support his belated, meritless request for briefing on his unpreserved challenge to the AG's authority to speak in these proceedings. The Director has nonetheless already addressed the issue, *see* ECF No. 30, so the Court should deny

6

Vasquez's request for a show cause order in addition to the reasons described above.

## CONCLUSION

The Director respectfully requests that the Court deny Vasquez's motion for issuance of a show cause order.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General for
Criminal Justice

TOMEE M. HEINING
Chief, Criminal Appeals Division

s/ Gwendolyn Vindell
GWENDOLYN VINDELL*
Assistant Attorney General
Criminal Appeals Division
State Bar No. 24088591
   *Counsel of Record

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1400
gwendolyn.vindell2@oag.texas.gov

*Counsel for Respondent–Appellee*

## CERTIFICATE OF SERVICE

On September 15, 2025, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

s/ Gwendolyn Vindell
GWENDOLYN VINDELL
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,388 words; and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft 365 Word (the same program used to calculate the word count).

s/ Gwendolyn Vindell
GWENDOLYN VINDELL
Assistant Attorney General
